# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DELROY RICHARDS, | ) | CASE NO. 1:24-cv-2111 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS TOOL WORKS INC., *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Before the Court are Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (ECF No. 12), and Plaintiff's motion for leave to file a second amended complaint ("Motion to Amend") (ECF No. 14).  Plaintiff has timely opposed the Motion to Dismiss, (ECF No. 17), and Defendants have partially opposed the Motion to Amend, (ECF No. 18).  For the reasons discussed below, the Motion to Amend is **GRANTED IN PART** and **DENIED IN PART**, while the Motion to Dismiss is **DENIED AS MOOT**.

## I.    BACKGROUND

Plaintiff Delroy Richards was an employee of Defendants Illinois Tool Works Inc., Illinois Tool Works d/b/a ITW Bedford Wire, and/or Shakeproof Automotive, Division of Illinois Tool Works Inc. (collectively, "ITW"), a company that specializes in the production of metal products, at their Bedford, Ohio facility.[1]  (ECF No. 11, ¶¶ 1–2, 8–9).  On December 6, 2023, Plaintiff was working at the "BW machine," a machine used at ITW's facilities to bind and compress multiple

---

[1] The factual allegations in this section are contained within Plaintiff's amended complaint.  (ECF No. 11).  The Court must accept all plausible allegations as true because, at this stage of the proceeding, the Court must construe the allegations in a light most favorable to Plaintiff (non-movant).  *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001).

strands of wire into one wire, when it malfunctioned.  (*Id.* ¶¶ 10, 15).  The BW machine did not have the proper guarding and Plaintiff's right hand was pulled into the machine and crushed, which led to numerous surgeries, the loss of four fingers, and permanent physical deformity.  (*Id.* ¶¶ 15–17).

On October 30, 2024, Plaintiff filed a complaint asserting state-law claims against Defendants ITW and the State of Ohio, Bureau of Workers' Compensation ("OBWC") in the Cuyahoga County Court of Common Pleas.  (ECF No. 1-1, PageID #12–26).  On December 5, 2024, ITW removed this action to the Northern District of Ohio on the grounds that the Court had diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1).

On December 11, 2024, the Court ordered the parties to submit a brief addressing: (i) Plaintiff's citizenship because the allegations in the pleadings were insufficient (allegations of residence instead of citizenship); and (ii) the issue of fraudulent joinder as to OBWC.  (ECF No. 5). ITW's brief provided evidence establishing Plaintiff as a citizen of Ohio.  (ECF No. 8, PageID #70; ECF Nos. 8-1, 8-2).  Plaintiff's brief conceded that OBWC was an improper party and moved the Court to amend the pleadings to remove the involvement of and claims against OBWC.  (ECF No. 9. at PageID #115–16).  On February 6, 2025, the Court granted Plaintiff leave to amend the complaint.  (ECF No. 10).

On February 14, 2025, Plaintiff filed an amended complaint against ITW and several John Doe Defendants.  (ECF No. 11).  The amended complaint asserted four claims of relief: (i) Employer Intentional Tort Claim Against Defendant ITW; (ii) Doctrine of respondeat Superior Against Defendant ITW; (iii) Common Law Intentional Tort Against Co-Employee Defendant John Doe 1-3; and (iv) Punitive Damages Claim Against Defendants ITW and John Doe 1-3.  (*Id.* at PageID #131–36).

2

On February 25, 2025, ITW filed the Motion to Dismiss.  (ECF No. 12).  In relevant part, ITW argues that the amended complaint contains deficient allegations which fail to meet the heightened pleadings standards for Ohio intentional tort claims.  (ECF No. 12-1, PageID #140–49).  In response, Plaintiff filed the Motion to Amend, requesting leave to cure the pleading deficiencies mentioned in the Motion to Dismiss.  (ECF Nos. 14, 14-1).  The Court ordered Plaintiff to file a supplement to the Motion to Amend, attach a proposed second amended complaint, and address how the proposed amendments cured the alleged deficiencies.  (ECF No. 15).

On March 25, 2025, Plaintiff filed a supplement to the Motion to Amend, (ECF No. 16), and a proposed second amended complaint, (ECF No. 16-1).  The supplement explained that the proposed amended complaint would address the alleged pleading deficiencies by: (i) replacing the individual John Doe Defendants with two ITW employees (Rashad Walker and Bradly Knaack); (ii) clarifying the underlying facts in the original complaint; and (iii) eliminating the third cause of action (Common Law Intentional Tort Against Co-Employee Defendant John Doe 1-3).  (ECF No. 16).  The second proposed amended complaint added Rashad Walker and Bradly Knaack as defendants and asserted three claims: (i) an employer intentional tort claim against ITW (Amended Count 1); (ii) a doctrine of respondeat superior claim against ITW, Walker, and Knaack (Amended Count 2); and (iii) a punitive damages claim against ITW (Amended Count 3).

ITW filed a brief in partial opposition to the Motion to Amend.  (ECF No. 18).  ITW opposes the addition of Walker and Knaack as defendants and the assertion of Amended Count 2 against those two defendants.  (*Id.* at PageID #189–91).  Otherwise, ITW does not oppose the Motion to Amend or the remaining portions of the proposed second amended complaint.  (*Id.* at PageID #191).  Plaintiff filed a reply in support of the Motion to Amend.  (ECF No. 19).

## II.      MOTION TO AMEND

### A.      Standard of Review

Pleading amendments are governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that, in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."  "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted).  The Supreme Court has clarified that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'"  *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).  The party opposing a motion to amend the pleadings bears the burden of establishing that the proposed amendments would be futile.  *See White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting cases).

B.    **Analysis**

Plaintiff's proposed second amended complaint adds Rashad Walker and Bradley Knaack as defendants, substituting them for John Does 1 and 2, (ECF No. 16-1, ¶¶ 3–4), and asserts a single claim against them based on the doctrine of respondeat superior (Amended Count 2), (*id.* ¶¶ 38–41).  ITW requests that the Court partially deny the Motion to Amend to the extent that Plaintiff seeks to add Walker and Knaack as defendants because the sole proposed claim against them is futile.  (ECF No. 18, PageID #190–91).  They argue that the Amended Count 2 is a futile and improper claim against Walker and Knaack because the doctrine of respondeat superior creates vicarious liability for an employer based on the actions of its supervisory employees, but it does not create a cause of action against the supervisory employees themselves.  (*Id.*).  Plaintiff replies that the proposed second amended complaint adds Walker and Knaack as defendants because: (i) it was requested by the Court; and (ii) the individual defendants needed to be added to preserve the vicarious liability claim against ITW, in light of the Ohio Supreme Court's decision in *Clawson v. Heights Chiropractic Physicians, L.L.C.*[2]

The Court agrees with ITW.  First, contrary to Plaintiff's contention, the Court never requested that the John Doe Defendants be replaced or substituted in the proposed second amended complaint.  The Court asked Plaintiff to supplement his Motion to Amend because the motion sought leave to fix the pleading deficiencies identified by Defendants, but it did not provide a proposed amended complaint and did not explain how the unidentified amendments would cure the alleged deficiencies.  (ECF No. 15).  There is no mention of John Doe Defendants or the need to substitute parties, and the Motion to Dismiss never discussed or identified the presence of the John Doe Defendants as a pleading deficiency.

---

[2] 2022-Ohio-4154, 170 Ohio St. 3d 451, 214 N.E.3d 540 (Ohio 2022).

Second, ITW is correct that there is no claim for respondeat superior liability against supervisory employees such as Walker and Knaack.  The Supreme Court of Ohio has held that the doctrine of respondeat superior "speaks only to the vicarious liability of an employer; it does not simultaneously create an express cause of action against individual agents and servants of the employer."  *Hauser v. City of Dayton Police Dep't,* 2014-Ohio-3636, 140 Ohio St. 3d 268, 17 N.E.3d 554, 557 (Ohio 2014).  There is no viable claim or theory of liability under the doctrine of respondeat superior against Walker and Knaack, two supervisory employees for ITW.  Thus, the proposed amended complaint asserts no claim against Walker and Knaack upon which relief can be granted.  To the extent that Plaintiff argues ITW cannot be held liable under a theory of vicarious liability unless Walker and Knaack are named as part of this case, that argument is not relevant to whether a respondeat superior claim is viable against the individual defendants themselves.  If Plaintiff wishes to preserve a respondeat superior claim against ITW in light of *Clawson*, he needs to both add Walker and Knaack as defendants *and* plead a viable claim against them based on an appropriate theory of individual liability—something that is not found in the proposed second amended complaint.

Finally, there are jurisdictional reasons to deny the proposed amendments adding Walker and Knaack as defendants.  The Court has diversity jurisdiction over this case and the proposed second amended complaint still invokes that same subject matter jurisdiction because it does not add any new federal claims.  The proposed second amended complaint does not allege the citizenship of either Walker or Knaack, as it simply alleges that they were supervisors for Plaintiff at ITW's Bedford, Ohio facility.  (ECF No, 16-1, ¶¶ 3–4).  There are no allegations or evidence provided of Walker's or Knaack's domicile or citizenship.  More importantly, it is likely that one, if not both, of the individual defendants is a citizen of Ohio, which would destroy diversity of

citizenship and destroy the Court's jurisdiction over this matter given Plaintiff is also a citizen of Ohio.  (ECF No. 10; *see also* ECF No. 8, PageID #70; ECF Nos. 8-1, 8-2).

For the above reasons, the Court **DENIES** Plaintiff's Motion to Amend to the extent that it adds Walker and Knaack as defendants.  The Court otherwise **GRANTS** the Motion to Amend. If Plaintiff wishes to add/substitute any individuals (*e.g.*, Walker or Knaack) as defendants to this action, he may file a subsequent motion for leave to amend that: (i) includes a proposed third amended complaint that sufficiently pleads the citizenship of the new defendants; (ii) addresses the Court's jurisdiction over the proposed third amended complaint; and (iii) provides arguments as to why joinder is appropriate.  *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) ("The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." (internal quotations omitted)).

## III.  MOTION TO DISMISS

"It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint."  *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412, at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6).  Because the Court is granting leave to file a second amended complaint, and ITW does not oppose the filing of the amended pleadings as limited by the Court, the Motion to Dismiss is **DENIED as MOOT**.

**IV.     CONCLUSION**

For the foregoing reasons, the Motion to Amend (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion to Amend is **DENIED** to the extent that it adds Rashad Walker and Bradly Knaack as defendants.  The Motion to Amend is otherwise **GRANTED**. Plaintiff shall file the proposed second amended complaint (ECF No. 16-1) without the amendments adding Rashad Walker and Bradly Knaack as defendants on or before May 19, 2025. ITW's Motion to Dismiss (ECF No. 12) is **DENIED as MOOT**.

        **IT IS SO ORDERED.**

Date: May 5, 2025

_____

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**